■ The People of the State of New York, Respondent, v Jerome Levin, Also Known as Jerome Levine, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 13, 1974, convicting him of assault in the second degree and resisting arrest in the second degree, upon a jury verdict, and imposing concurrent four-month sentences of imprisonment. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences to concurrent periods of probation. As so modified, judgment affirmed; case remitted to the Supreme Court, Queens County, to fix the periods and conditions of probation and for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced (CPL 460.50, subd 5). Defendant is presently free on his own recognizance. He has never previously been convicted of a crime. His conviction here stems from his actions in attacking a number of policemen who had broken into his mother's home upon the authorization of defendant's aged father (now deceased), who had apparently been ejected from the house. There are indications of a domestic squabble between the son and his aged father. The injuries sustained by defendant at the hands of the police were serious; the police officers sustained relatively minor injuries. The Sentencing Judge had intended to place defendant on probation, but regretfully declined to do so because he had been unco-operative with the probation interviewer. Under these and other circumstances—such as the fact that he alone supports and cares for his aged mother—we believe that the sentence imposed was excessive. There will be time enough to impose a period of incarceration should defendant violate the conditions of probation. Rabin, Acting P. J., Hopkins, Martuscello, Christ and Shapiro, JJ., concur.